1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  | JOSEPH DOW,                          | Case No. C 05 03077 MMC
11  |                Plaintiff,            | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
12  |       v.                             |
13  | LOWE'S HOME IMPROVEMENT, INC.,       | Trial Date: January 16, 2007
14  |                Defendant.            |

15

16         **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

17         Plaintiff Joseph Doe ("Dow") and Defendant Lowe's HIW, Inc. ("Lowe's"), by their

18  respective counsel, hereby request that this Court enter a mutual protective order based upon the

19  parties agreeing to the following statement of just cause:

20         1.     Dow and Lowe's stipulate that the litigation in the above-captioned matter may

21  require production of confidential information relating to certain current and former Lowe's

22  employees and various of Lowe's policies, procedures and protocols pertaining to salary, bonus and

23  compensation plans.

24         2.     Dow and Lowe's agree that the misuse or unnecessary dissemination of the above-

25  identified confidential information could violate the privacy of third parties or cause undue

26  embarrassment to these persons.

27  / / /

28

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**                                              Case No. C 05 03077 MMC

3. Dow and Lowe's further stipulate that this proceeding may require production of documents that contain or disclose trade secrets or confidential information, including, but not limited to, financial data; operating procedures; salary, bonus and compensation data; and other proprietary compilations of commercial information. Dow and Lowe's agree that the public has no interest in the above-identified confidential information and competitors may gain unfair advantage through the dissemination of such information.

4. Dow and Lowe's further agree that the misuse or unnecessary dissemination of the above-identified confidential and trade secret information would cause the parties to lose their respective competitive advantage and cause harm to their businesses and employees.

WHEREFORE, Dow and Lowe's hereby stipulate and agree, and further request that the Court, for the above stated reasons, enter a mutual protective order, as follows:

1. Dow and Lowe's may designate as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3, and 4. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2. Any document produced by any party or person in this litigation may be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by Dow and Lowe's by placing the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the face of the document. Alternatively, a party may designate any document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in a cover letter addressed to the opposing party's counsel and accompanying the production of such document(s).

3. Dow or Lowe's may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by advising the reporter and counsel of such designation during the course of the deposition, or in writing within 10 days of the receipt of the deposition transcript. Transcripts will be treated as confidential for the 10-day period.

1  Whenever any writing designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is
2  identified as an exhibit in connection with testimony given or with any document filed with the
3  Court in this case, it shall be so marked and separately filed under seal with the Court.

4      4. Dow or Lowe's may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES
5  ONLY" specific responses to information requests by labeling the specific response
6  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

7      5. Whenever any document, testimony, information or material designated as
8  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is used or submitted to the Court in
9  conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed
10 separately under seal with the Court. The parties shall act in good faith and on a reasonable basis
11 when designating material "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

12     6. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or
13 upon further order of a court of competent jurisdiction, documents, testimony, information or material
14 designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the
15 purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents,
16 testimony, information or material shall be limited to:

17     a.    Counsel for the respective parties, including in-house counsel and co-counsel
18         (and employees of said counsel who are assisting in the prosecution or defense
19         of this litigation, such as administrative assistants or paralegals);

20     b.    Experts and consultants (including independent experts and consultants, and
21         employees or clerical assistants of said experts) who are employed, retained or
22         otherwise consulted by counsel or a party for the purpose of analyzing data,
23         conducting studies or providing opinions to assist in such litigation; and

24     c.    Parties or officers or employees of the respective parties who have a
25         reasonable business need to review such documents, testimony, information or
26         material.

27 / / /
28 / / /

7. "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 6(b)), or to any officer or employee (as defined in paragraph 6(c)) of the opposing party, unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement.

8. Except upon prior written consent of the party asserting "ATTORNEY'S EYES ONLY" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "ATTORNEY'S EYES ONLY" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "ATTORNEY'S EYES ONLY" documents, testimony, information or material shall be limited to:

   a. Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation, such as administrative assistants or paralegals); and

   b. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation.

9. "ATTORNEY'S EYES ONLY" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 8(b)) unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement, and then only in circumstances where the retained expert has a valid need to know the information or data.

10. No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or material than are reasonably necessary to conduct this litigation.

/ / /

/ / /

1  11. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

4  12. If Dow or Lowe's object to the designation of any document, testimony, information or material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," it may, by motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated.  The burden shall remain with the party seeking confidentiality to justify such designation.  Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" treatment initially assigned to it and provided for in this Confidentiality Agreement.

11  13. Should any party hereto seek to utilize any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, testimony, information or material at trial or a hearing in this matter, it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material.  In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

16  14. Upon termination of this litigation, all copies of "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" documents, testimony, information or material (and all summaries thereof) shall, upon request, be returned to counsel for the producing party(ies).  Copies of materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.  If not returned to counsel for the producing party(ies) within one year after termination of this litigation, all such documents, testimony, information or material (and all summaries thereof) shall be destroyed.

23  / / /

25  / / /

27  / / /

28  / / /

15. This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Respectfully submitted,

Dated: February 6, 2006

_____
RICHARD M. ROGERS
MAYO & ROGERS
Attorneys for Plaintiff
JOSEPH DOW

Dated: January 31, 2006

_____
JOHN M. JULIUS III
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOWE'S HIW, INC., erroneously named herein as
LOWE'S HOME IMPROVEMENT, INC.

Dated: February 7, 2006

SO ORDERED; provided that no document or portion thereof submitted for filing will be filed under seal absent a separate request, made upon an individualized showing of good cause in accordance with Civil Local Rule 79-5, and a separate order providing for the sealing of such document(s).

_____
MAXINE M. CHESNEY, JUDGE
UNITED STATES DISTRICT COURT

Firmwide:80780751.1 028756.1425