United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DOW, | No. C-05-3077 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS; VACATING HEARING** |
| v. | |
| LOWE'S HOME IMPROVEMENT, INC., | (Docket No. 47) |
| Defendant. | |

Before the Court is the motion filed December 20, 2006 by defendant Lowe's Home Improvement, Inc. ("Lowe's), seeking an award of attorneys' fees and costs. Plaintiff Joseph Dow ("Dow") has filed opposition to the motion; Lowe's has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 26, 2007 hearing, and rules as follows.

## BACKGROUND

Dow asserted claims against Lowe's for violation of the federal Americans with Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), and for wrongful termination in violation of the public policy of the state of California. (See Compl. ¶¶ 14-18.) In an order filed December 5, 2006, the Court granted defendant's motion for summary judgment as to all claims.

**LEGAL STANDARD**

Pursuant to the ADA, "the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" See 42 U.S.C. § 12205. "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or without foundation,'" Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting, inter alia, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)); a showing of "subjective bad faith," however, is not required, see Christiansburg, 434 U.S. at 421. The same standard governs a prevailing defendant's claim for attorney's fees and costs under FEHA. See Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1386-87 (1992) (applying Christiansburg test to prevailing defendant's motion for fees under FEHA).

In applying the above-referenced criteria, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." See Christiansburg, 434 U.S. at 421-22. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. at 422.

**DISCUSSION**

Lowe's seeks an award of $124,078.50 in attorney's fees, plus expert witness fees in the amount of $6600 and all costs set forth in its bill of costs that are not allowed by the Clerk. Lowe's contends the instant action, from the outset, was frivolous, unreasonable and without foundation.

As Dow points out, however, he presented evidence that he suffered from a physical impairment and the Court found he had made out a prima facie case of disability within the meaning of FEHA, although not within the meaning of the ADA. (See Order Granting Motion For Summary Judgment, filed Dec. 5, 2006, at 6-9.) Additionally, Dow submitted evidence that at least some of Lowe's management personnel were aware of Dow's medical condition and that Dow told them he no longer could do heavy lifting as a result of

such condition. (See id. at 10.) Dow further presented evidence that he was asked to perform heavy lifting, that he was injured doing so, and that he thereafter was terminated. (See id. at 11-15.)

Although Dow ultimately failed to present sufficient evidence to raise a triable issue of material fact as to whether Lowe's failed to accommodate his disability and whether Lowe's terminated him because of his disability, the Court finds Dow had a reasonable factual basis for filing suit and that his claims, although unsuccessful, were not frivolous, unreasonable, or without foundation. Consequently, Lowe's is not entitled to an award of fees and costs as a prevailing defendant. See, e.g., Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (denying fees to prevailing defendant under ADA; finding action not frivolous, unreasonable, or without foundation, even though plaintiff did not present any "material evidence" indicating a failure to accommodate); Cummings v. Benco Building Services, 11 Cal. App. 4th 1383 (1992) (denying fees to prevailing defendant under FEHA; finding action was "a routine case in which the plaintiff merely failed to achieve success on her claim").

## CONCLUSION

For the reasons set forth above, the motion for fees and costs is hereby DENIED. This order terminates Docket No. 47.

**IT IS SO ORDERED.**

Dated: January 23, 2007

MAXINE M. CHESNEY
United States District Judge